**Gabriela NAAMANY, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72673.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Gabriela Naamany, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' ("BIA") decision, adopting and affirming in part the Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

To the extent that the BIA adopts and affirms the IJ, we review the IJ's decision as if it were the final agency action. *Nuru v. Gonzales*, 404 F.3d 1207, 1215 (9th Cir. 2005). We review for substantial evidence, *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004), and we grant the petition for review and remand.

The IJ found that Naamany was not credible because he found it implausible that the police were still looking for her two years after she left the country. Substantial evidence does not support this finding because it rests on "impermissible speculation" in that it was "based on the IJ's personal conjecture about what [the Romanian] authorities would or would not do." *Ge*, 367 F.3d at 1124–25.

In addition, the IJ found that Naamany was not credible on the ground that she testified inconsistently as to whether she had problems with the police prior to securing her visitor visa. Substantial evidence does not support this finding because the record reflects that Naamany's testimony was internally consistent. *See Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir.2000).

Finally, the IJ concluded that Naamany's failure to provide adequate corroboration was fatal to her claim. However, "[b]ecause the IJ's credibility determination rested on insufficient and impermissible grounds, [Naamany's] testimony should be deemed credible, eliminating the need for corroborating evidence." *Singh v. Gonzales*, 439 F.3d 1100, 1109 (9th Cir. 2006); *see also Kaur v. Ashcroft*, 379 F.3d 876, 889–90 (9th Cir.2004).

We grant the petition for review and remand the case to the BIA for further proceedings consistent with this disposi-

tion. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED and REMANDED.**